**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-23253-CV-WILLIAMS**

ROBERTO QUESADA LOPEZ,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Respondents.
_________________________________/

# ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Roberto Quesada Lopez ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention at the Krome Service Processing Center ("***Krome***") in Miami, Florida.[1] (*Id.* at 6–7.) As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody. (*Id.* at 7.) For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 at a later date.[2]

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba who was paroled into the United States in 2015 and adjusted his immigration to that of a lawful permanent resident ("***LPR***"). (DE 11 at 2 citing (DE 11-1, Ex. A at 1–2).)

[1] Although Petitioner was transferred from Krome during the pendency of this action, due to brush fires, as of June 30, 2026, Petitioner has since been returned to Krome where he remains confined. (DE 16); *see also* https://locator.ice.gov/odls/#/search.

[2] *See* page 5.

On March 7, 2008, Petitioner was convicted in *State of Florida v. Lopez*, No. F08-002330 (11th Jud. Cir. 2008) (the "***1st Criminal Case***") for possession of cocaine. (*Id.* at 2 citing (DE 11-2, Ex. B at 1–12).) He was adjudicated guilty and the sentence imposed suspended. (*Id.* citing (DE 11-2, Ex. B at 7).)

On November 4, 2009, after Petitioner was encountered by immigration officials, he was remanded into the custody of Immigration and Customs Enforce ("***ICE***") and removal proceedings began. (*Id.* at 3 citing (DE 11-5, Ex. E at 1, 3; DE 11-6, Ex. F at 1).)

On December 15, 2009, an immigration judge ("***IJ***") entered an Order finding Petitioner removable and ordered him removed to Cuba. (*Id.* at 3 citing (DE 11-7, Ex. G at 1).) After no appeal of the Order was filed by Petitioner, the Order became administratively final. (*Id.*); *see also* (DE 11-4, Ex. D at 2.)

On November 8, 2023, after being at liberty under an order of supervision ("***OSUP***"), Petitioner was convicted for conspiracy to commit theft of interstate shipment in *United States v. Lopez*, No. 421-CR-038-MHC2 (N.D. Ga. 2024) (the "***2d Criminal Case***") and sentenced to a total term of thirty months in prison. (*Id.* at 2, 4 citing (DE 11-4, Ex. D at 1–5; DE 11-1, Ex. K at 1).)

On March 21, 2026, after completing his federal sentence, Petitioner was transferred to ICE custody. (*Id.* at 4–5 citing (DE 11-6, Ex. F at 1).)

On March 30, 2026, DHS served Petitioner served with a notice advising him that ICE intended to remove him to Mexico. (*Id.* at 5 citing (DE 11-17, Ex. Q at 1).)

Petitioner has remained in immigration custody since March 21, 2026. (*Id.* at 5); *see also* (DE 1.) On May 4, 2026, Petitioner filed the Petition before the Court seeking habeas relief, arguing that his continued prolonged detention is unlawful. (DE 1 at 6–7).

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner claims his prolonged detention is unlawful. (DE 1). Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (DE 11) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms

of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*" *Akinwale*, 287 F.3d at 1052. Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final in December 2009. *See* 8 U.S.C. § 1231(a). Petitioner has remained in immigration custody since he was taken into custody on March 21,2026. Less than two months later, on May 4, 2026, the Petition was filed. Because Petitioner was inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable. Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.*

The *Zadvydas* period ***must*** have expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court. *See Akinwale*, 287 F.3d at 1051. Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[3]

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition on or after **September 22, 2026** (six months following his March 21, 2026 detention) seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature. If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.

2. The Court's Order (DE 3) prohibiting Petitioner's removal or transfer from the Southern District of Florida is **LIFTED**.

3. All pending motions not otherwise ruled upon are **DENIED as moot.**

[3] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

4. The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 14th day of August, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Roberto Quesada Lopez, *Pro Se***
Alien #058462509
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
(Address of Record)

**Benjamin Sardinas, AUSA**
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Email: Benjamin.Sardinas@usdoj.gov